RICE, Plaintiff in Error, v. UNDERWOOD, Defendant in Error.

1. Where cattle are taken up and posted as strays, and the owner, within a year from the date of such taking up, forcibly takes possession of them, he must pay the legal charges of the one who took them up as strays.

*Appeal from Ralls Circuit Court.*

This action was originally commenced before a justice of the peace. The account filed with the justice contained items for costs paid and expenses, &c., incurred in taking up and posting as strays a lot of mules. On appeal to the circuit court, the cause was submitted to the court on the following agreed statement of the facts : " The account filed by the plaintiff is for fees paid officers for posting the animals of defendant as alleged, and for trouble and expenses in keeping them. There has been no express agreement by the defendant to pay said fees and expenses. Defendant forcibly took said animals out of plaintiff's enclosure." The court, at the instance of the defendant, gave the following declaration of the law : " From the statement of facts as agreed upon by the parties, no promise on the part of defendant to pay the costs of taking up the animals as strays or to pay expenses of keeping said animals can be implied." The court found for the defendant.

*Lancaster* and *Anderson*, for plaintiff in error.

I. The instruction given was erroneous.

*Broadhead*, for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

The agreed facts do not show whether the animals were strays, subject to be taken up, nor when they were taken up,

nor when they were posted, nor what sum the plaintiff paid for that purpose ; but, assuming, as the counsel have in their briefs, that the mules were taken up as strays and that the plaintiff performed his duty as required by the statute, enough is shown to raise a proposition of law. If the plaintiff had complied with the stray law (R. C. 1845, p. 1038), the title to the mules would have vested in him after the expiration of one year ; and, if within one year the defendant had claimed them and proved his right, he would only have been entitled to take them upon payment of "all costs, the reward and a reasonable allowance for keeping them." The plaintiff had a lien on the mules for whatever was due to him, and though he had no right of reclamation against the defendant if he chose to abandon his property, he had the right of possession until he was paid. By taking the property the defendant admitted that it was worth more than the plaintiff's legal charges on it, and he could not by committing a trespass avoid the liability to pay the just demands against it. The law implied an obligation on the defendant, if he took the mules within one year from the time they were taken up, to pay "all costs, the reward and a reasonable allowance for taking the same," and the plaintiff was entitled to recover his legal charges.

The instruction was erroneous, and the judgment will be reversed and the cause remanded ; the other judges concur.